**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X  Case No.

BRIAN LEE,

                       Plaintiff,

       - against -                              **COMPLAINT**

GROVE GROUP ADVISORS LLC,                PLAINTIFF DEMANDS
GROVE GROUP MANAGEMENT, INC., and      A JURY TRIAL
KEVIN SHIN, *Individually*,

                       Defendants.

------------------------------------------------------------------------X

      Plaintiff, BRIAN LEE, by and through his attorneys, NISAR LAW GROUP, P.C., hereby

complains of Defendants, upon information and belief, as follows:

### NATURE OF THE CASE

1.    Plaintiff brings this action against Defendants for **failure and refusal to pay Plaintiff**
**earned wages** pursuant to the New York State Labor Law, Articles 6 & 19 ("NYLL")
and/or **for failure and refusal to pay Plaintiff minimum wage and overtime** owed for
work performed pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*
("FLSA") and the NYLL.

2.    As a result of Defendants' violations of the NYLL and FLSA, Plaintiff is entitled to: (a)
the full amount of underpayment, (b) attorneys' fees and costs, (c) prejudgment interest,
and (d) an additional amount as liquidated damages equal to one hundred percent of the
total amount of the wages found to be due.

3.    Plaintiff also brings an action against Defendants for **breach of contract** as a result of
Defendants' failure and refusal to pay Plaintiff for accrued and unused paid time off
("PTO") pursuant to an agreement entered into between the parties.

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court is proper under § 216(b) of the FLSA (29 U.S.C. § 216 (b)) and 28 U.S.C. §§ 1331 and 1343.

5.      The Court has supplemental jurisdiction over Plaintiff's claims brought under state law and common law pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

7.      At all times relevant, Plaintiff BRIAN LEE ("Plaintiff") was and is a resident of the State of New Jersey and Bergen County.

8.      At all times relevant, Defendant GROVE GROUP ADVISORS LLC ("GG ADVISORS") was and is a foreign limited liability company, duly existing pursuant to, and by virtue of, the laws of the State of Delaware, and which lawfully conducts business in the State of New York, with its principal place of business located at 450 Lexington Avenue, 4th Floor, New York, NY 10017.

9.      At all times relevant, Defendant GROVE GROUP MANAGEMENT, INC. ("GG MANAGEMENT") was and is a Delaware corporation, unregistered in the State of New York, with its principal place of business located at 450 Lexington Avenue, 4th Floor, New York, NY 10017.

10.     At all times relevant, and upon information and belief, Defendant GG ADVISORS and Defendant GG MANAGEMENT are "integrated employers," as they have common management, share financial control of all companies, share centralized control of labor relations, and share employees.

11.    At all times relevant, Plaintiff was an employee of both Defendant GG ADVISORS and Defendant GG MANAGEMENT.

12.    At all times relevant, Defendant KEVIN SHIN ("SHIN") was and is an employee of Defendant GG ADVISORS and Defendant GG MANAGEMENT, holding the positions of "Chief Executive Officer/ Co-founder."

13.    At all times relevant, Defendant SHIN was Plaintiff's supervisor and had supervisory authority over him, including the power to hire, fire, and/or directly affect the terms and conditions of Plaintiff's employment, as well as direct his daily work activities.

14.    Defendant GG ADVISORS, Defendant GG MANAGEMENT, and Defendant SHIN shall be herein referred to collectively as "Defendants."

15.    At all times relevant, Defendants had the power to, and were responsible for, determining the wages to be paid to Plaintiff.

16.    At all times relevant, Defendants had the power to, and did in fact, establish the terms and conditions of Plaintiff's employment, including Plaintiff's duties, schedule, and rate of pay.

17.    The FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee and an employee is anyone who is suffered or permitted to work.   As a result, including as further described below, Defendants are liable as "employers" under the FLSA.

18.    Defendants are also jointly and severally liable as joint employers under 29 C.F.R. § 791.2 for the violations complained of herein.

19.    Upon information and belief, Defendants are engaged in interstate commerce within the meaning of the FLSA in that Defendants: (a) had and has employees engaged in

commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (b) had and has an annual gross volume of sales of not less than $500,000.00.

20.    Further, upon information and belief, during Plaintiff's employment with Defendants, Plaintiff has routinely engaged in activities which facilitate or relate to interstate or foreign commerce, as well as handled goods and products that have been moved through interstate commerce.

## **MATERIAL FACTS**

21.    On or about July 26, 2019, Plaintiff and Defendant SHIN entered into an agreement in which Plaintiff agreed to work as "Manufacturing and Engineering Director" on behalf of Defendants at Superior Bio Science, Inc. ("SBS"), a partially-owned subsidiary of which Defendants are shareholders.  In exchange, Defendants agreed to pay Plaintiff an annual salary of $160,000.

22.    On or about August 6, 2019, Plaintiff began working for Defendants as "Manufacturing and Engineering Director" at SBS, earning approximately $160,000 per year in annual salary.

23.    When Plaintiff began his employment, Defendant SHIN agreed to provide Plaintiff with fifteen (15) days of PTO per year (4.62 hours accrued each pay period) (the "Agreement").

24.    At all times relevant, Plaintiff was an employee of Defendants on the following bases:

   a)  Defendants substantially controlled and directed Plaintiff's performance of his duties, including when, where, and how to perform his duties;

   b)  Defendants had the power to terminate Plaintiff's employment;

4

c) Defendants required Plaintiff's regular attendance and his adherence to the policies and procedures of Defendants;

d) Defendants put Plaintiff on their payroll and paid Plaintiff as an employee with withholdings and deductions;

e) Defendants added Plaintiff to their company benefits plan and provided Plaintiff with health benefits;

f) The work performed by Plaintiff required no capital investment by Plaintiff; and

g) Plaintiff used the equipment provided by Defendants and performed work in the manner directed by Defendants.

25. Throughout his employment, Plaintiff was an overall good employee and generally enjoyed working for Defendants.

26. However, things changed in January 2020 when Defendants ceased paying Plaintiff any of his wages, in violation of the FLSA and the NYLL.

27. Specifically, on or about Friday, January 10, 2020, although Plaintiff was supposed to receive his paycheck for the period of December 22, 2019 through January 4, 2020, Defendants failed to pay Plaintiff any wages.

28. As such, Plaintiff immediately sent an email to David Chu (Defendants' Co-Founder and HR Manager) advising that he "didn't see payroll hit today."

29. In response, Mr. Chu assured Plaintiff that Defendants would pay him soon.

30. While this was less-than-ideal, although Defendants wholly stopped compensating Plaintiff, he nonetheless continued as directed to execute his job duties faithfully, with the understanding that he would eventually receive all that he was owed.

31. However, on or about Saturday, February 8, 2020, Defendant SHIN suddenly notified

Plaintiff that Defendants "voted that you be laid off immediately."

32.    Thereafter, on or about February 12, 2020, Defendant SHIN provided Plaintiff with a letter informing him that:

> [Y]our last day of employment with [Defendants] will be Thursday, February 13, 2020.  The compensation you are owed for the period from December 22, 2019 to February 13, 2020 is $24,000.02.  We do not have the means to pay you at this time, but we are making every effort to raise money for the company in order to pay our liabilities, yours included.

33.    As such, on or about February 13, 2020, Plaintiff's employment with Defendants that his employment was terminated.

34.    On or about May 15, 2020, more than three (3) months after being terminated, Defendants provided Plaintiff with a paycheck in the gross amount of only $3,846.15. Unfortunately, Defendants have not paid Plaintiff the balance of the wages that he is owed.

35.    Although Plaintiff has tried reaching out to Defendants on numerous occasions in an attempt to get paid, he has been unsuccessful, and instead simply told that, "We will let you know when we get the funds to pay you."

36.    As a result of the foregoing, Plaintiff is still owed a total of $20,153.87 in unpaid earned wages for work performed for Defendants.

37.    Additionally, Plaintiff accrued and did not use sixty-four (64) hours of PTO valued at approximately $4,923.07, which Defendants have also failed and refused to pay to Plaintiff, in breach of the Agreement.

38.    In total, Defendants owe Plaintiff earned wages in the amount of approximately $20,153.87 as well as approximately $4,923.07 in accrued and unused PTO (64 hours), for a total of **$25,076.94**.

39.    In the event Plaintiff is not entitled to recover unpaid wages at his salary rate (which, as mentioned, was $160,000 per year), he would be entitled to be paid minimum wage for all regular hours worked and time-and-one-half the minimum wage rate for all overtime hours worked.  Failure to pay minimum wage and overtime is a violation of both the FLSA and NYLL.

40.    Plaintiff has been damaged by Defendants' failure to pay his lawfully earned wages and benefits.

41.    Defendants' failure to pay Plaintiff his earned wages and benefits required by law has been willful.

42.    Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, Plaintiff demands Liquidated Damages as against all Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK LABOR LAW**
**FAILURE TO PAY EARNED WAGES**

43.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

44.    Defendants failed and refused to pay Plaintiff his earned wages "not less frequently than semi-monthly, on regular pay days designated in advance by the employer," in violation of NYLL § 191(1)(d).

45.    Pursuant to NYLL § 191(2), "No employee shall be required as a condition of employment to accept wages at periods other than as provided in this section."

46.    As a consequence, under NYLL § 198, Plaintiff is entitled to (a) the full amount of underpayment, (b) attorneys' fees and costs, (c) prejudgment interest, and (d) an

additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## MINIMUM WAGE

47.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

48.   Defendants have willfully employed Plaintiff in the aforementioned enterprise and have failed to compensate Plaintiff at the required minimum hourly rate for his employment.

49.   Defendants' failure to pay Plaintiff the mandated minimum hourly pay in accordance with the FLSA was and is a direct violation of the FLSA, specifically 29 U.S.C. § 206.

50.   Defendants' failure to pay proper minimum wages for each hour worked was and is willful within the meaning of 29 U.S.C. § 255.

51.   Defendants' failure to comply with the FLSA has caused Plaintiff to suffer loss of wages.

## AS A THIRD CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW § 652(1)
## MINIMUM WAGE

52.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

53.   Plaintiff was an employee of Defendants within the meaning of the NYLL.

54.   Defendants failed to pay Plaintiff the required minimum hourly wage rate for one hour of work.

55.   Defendants violated Plaintiff's right to minimum wage pay under NYLL § 652(1); New York Labor Law, Article 19.

56.   Defendants also violated New York's Minimum Wage Order of 12 NYCRR Part No.

142.

57.     Defendants' actions were willful.

58.     Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendant his unpaid minimum wage in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to NYLL §§ 198 and 663(1).

**AS A FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**
**OVERTIME**

59.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

60.     Defendants willfully employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate Plaintiff for his employment in excess of forty (40) hours per week at a rate of at least one-and-one-half time the minimum wage rate.

61.     Defendants failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. § 201, *et seq.*, and its implementing regulations.

62.     Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA is a direct violation of the FLSA, specifically 29 U.S.C. § 207.

63.     Defendants' failure to pay proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of 29 U.S.C. § 255.

64.     Defendants' failure to comply with the FLSA has caused Plaintiff to suffer damages.

**AS A FIFTH CAUSE OF ACTION**
**VIOLATIONS OF THE NEW YORK LABOR LAW**
**OVERTIME**

65.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

66.     Defendants willfully employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate Plaintiff for his employment in excess of forty (40) hours per week at a rate of at least one-and-one-half time the minimum wage rate.

67.     Defendants failed to pay overtime wages to Plaintiff as required by the NYLL, Title 12 NYCRR 142-2.2.

68.     Defendants' failure to comply with the NYLL has caused Plaintiff to suffer damages.

## AS A SIXTH CAUSE OF ACTION
### BREACH OF CONTRACT

69.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

70.     The Agreement constitutes a valid and enforceable contract.

71.     Plaintiff has fully performed his obligations under the Agreement.

72.     Defendants have breached the Agreement by willfully refusing to pay amounts they were and are aware were and are owed under the Agreement.

73.     Defendants breached the Agreement by failing to pay Plaintiff his earned wages and as well as his accrued and unused PTO.

74.     As a consequence of Defendants' breach, Plaintiff is entitled to all rights under the Agreement.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the FLSA and the NYLL by failing to pay Plaintiff his earned wages and/or minimum wage, as well as unpaid overtime;

B. Declaring that Defendants breached the Agreement when they failed to pay Plaintiff at the agreed-upon rate;

C. Declaring that Defendants breached the Agreement when they failed to pay Plaintiff for his accrued and unused PTO;

D. Awarding damages to Plaintiff for all unpaid wages and benefits due under the FLSA, the NYLL, and the Agreement;

E. Awarding Plaintiff liquidated damages as a result of Defendants' willful failure to pay wages;

F. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
July 30, 2020

**NISAR LAW GROUP, P.C.**

By: _____
Casimir Wolnowski, Esq.
*Attorneys for Plaintiff*
570 Lexington Ave., 16th Floor
New York, New York 10022
Ph: (646) 449-7210
Fax: (877) 720-0514
Email: cwolnowski@nisarlaw.com