UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN LEE,<br><br>    Plaintiff,<br><br>    v.<br><br>GROVE GROUP ADVISORS, LLC,<br>GROVE GROUP MANAGEMENT, INC., and<br>KEVIN SHIN, *Individually*,<br><br>    Defendants | Case No. 1:20-cv-05937 (ALC)<br><br>**ANSWER, AFFIRMATIVE DEFENSES,**<br>**AND COUNTERCLAIM** |

  The Defendants, Grove Group Advisors, LLC, Grove Group Management, Inc., and Kevin Shin ("Defendants"), hereby submit this Answer, Affirmative Defenses, and Counterclaim to the Complaint of Plaintiff, Brian Lee ("Plaintiff"), dated July 30, 2020 (the "Complaint"), and respond, allege, and aver on knowledge as to its own acts, and otherwise on information and belief, as follows:

## ANSWER

### NATURE OF THE CASE[1]

1.  Defendants deny the allegations contained in this paragraph.

2.  Defendants deny the allegations contained in this paragraph.

3.  Defendants deny the allegations contained in this paragraph.

---

[1] The section headings used in the Complaint are repeated in this answer solely for convenience and do not constitute an admission.

1

## JURISDICTION AND VENUE

4. The allegations in this paragraph call for legal conclusions to which no response is required.

5. The allegations in this paragraph call for legal conclusions to which no response is required.

6. The allegations in this paragraph call for legal conclusions to which no response is required.

## PARTIES

7. Defendants lack sufficient knowledge to form a belief as to the allegations of this paragraph.

8. Admitted.

9. Admitted.

10. Defendants deny the allegations contained in this paragraph

11. Defendants deny the allegations contained in this paragraph.

12. Admitted.

13. Defendants deny the allegations contained in this paragraph.

14. This paragraph contains no allegations, and therefore, no response required.

15. Defendants deny the allegations contained in this paragraph.

16. Defendants deny the allegations contained in this paragraph.

17. The allegations in Paragraph 17 combine legal conclusions with statements of fact, and as such Defendants deny the allegations contained in this paragraph.

18. Defendants deny the allegations contained in this paragraph.

19. The allegations in Paragraph 19 combine legal conclusions with statements of fact, and as such Defendants deny the allegations contained in this paragraph.

20. Defendants deny the allegations contained in this paragraph.

## **MATERIAL FACTS**

21. Defendants deny the allegations contained in this paragraph.

22. Defendants deny the allegations contained in this paragraph.

23. Defendants deny the allegations contained in this paragraph.

24. As to Paragraphs 24(d) and (e), Defendants admit that Defendants put Plaintiff on their payroll so that he could qualify for health insurance and benefits which his employer, Superior Bio Science, Inc., did not provide. Defendants made this accommodation at Plaintiff request because Plaintiff has a special needs child and desperately needed the health insurance and benefits. Defendants deny all other allegations in this paragraph.

25. Defendants deny the allegations contained in this paragraph.

26. Defendants deny the allegations contained in this paragraph.

27. Defendants deny the allegations contained in this paragraph.

28. Defendants admit that Plaintiff sent an email to David Chu in sum and substance as alleged. Defendants admit that David Chu is a co-founder of the Defendant entities. Defendants deny that David Chu is an "HR Manager."

29. Defendants admit that Mr. Chu mistakenly assured that the Plaintiff that he would be paid soon because he was under the mistaken impression that Plaintiff was an employee of the Defendant entities.

30. Defendants deny the allegations contained in this paragraph.

31. Defendants deny the allegations contained in this paragraph.

32. Defendants admit that Defendant Shin mistakenly sent a letter in sum and substance as alleged but deny that said letter was accurate and deny that Plaintiff was ever an employee of Defendant entities.

33. Defendants deny the allegations contained in this paragraph.

34. Defendants deny the allegations contained in this paragraph.

35. Defendants deny the allegations contained in this paragraph.

36. Defendants deny the allegations contained in this paragraph.

37. Defendants deny the allegations contained in this paragraph.

38. Defendants deny the allegations contained in this paragraph.

39. The allegations in Paragraph 39 combine legal conclusions with statements of fact, and as such Defendants deny the allegations contained in this paragraph.

40. Defendants deny the allegations contained in this paragraph.

41. Defendants deny the allegations contained in this paragraph.

42. Defendants deny the allegations contained in this paragraph.

## FIRST CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW
## FAILURE TO PAY EARNED WAGES

43. Defendants repeat and reallege each and every response in this Answer as if specifically set forth herein.

44. Defendants deny the allegations contained in this paragraph

45. This paragraph contains no factual allegations, and therefore no response is required.

46. Defendants deny the allegations contained in this paragraph.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**MINIMUM WAGE**

47. Defendants repeat and reallege each and every response in this Answer as if specifically set forth herein.

48. Defendants deny the allegations contained in this Paragraph.

49. Defendants deny the allegations contained in this Paragraph.

50. Defendants deny the allegations contained in this Paragraph.

51. Defendants deny the allegations contained in this Paragraph.

**THIRD CAUSE OF ACTION**
**VIOLATION OF NEW YORK LABOR LAW § 652(1)**
**MINIMUM WAGE**

52. Defendants repeat and reallege each and every response in this Answer as if specifically set forth herein.

53. Defendants deny the allegations contained in this Paragraph.

54. Defendants deny the allegations contained in this Paragraph.

55. Defendants deny the allegations contained in this Paragraph.

56. Defendants deny the allegations contained in this Paragraph.

57. Defendants deny the allegations contained in this Paragraph.

58. Defendants deny the allegations contained in this Paragraph.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**
**OVERTIME**

59. Defendants repeat and reallege each and every response in this Answer as if specifically set forth herein.

60. Defendants deny the allegations contained in this Paragraph.

61. Defendants deny the allegations contained in this Paragraph.

62. Defendants deny the allegations contained in this Paragraph.

63. Defendants deny the allegations contained in this Paragraph.

64. Defendants deny the allegations contained in this Paragraph.

### FIFTH CAUSE OF ACTION
### VIOLATIONS OF NEW YORK LABOR LAW
### OVERTIME

65. Defendants repeat and reallege each and every response in this Answer as if specifically set forth herein.

66. Defendants deny the allegations contained in this Paragraph.

67. Defendants deny the allegations contained in this Paragraph.

68. Defendants deny the allegations contained in this Paragraph.

### SIXTH CAUSE OF ACTION
### BREACH OF CONTRACT

69. Defendants repeat and reallege each and every response in this Answer as if specifically set forth herein.

70. Defendants deny the allegations contained in this Paragraph.

71. Defendants deny the allegations contained in this Paragraph.

72. Defendants deny the allegations contained in this Paragraph.

73. Defendants deny the allegations contained in this Paragraph.

74. Defendants deny the allegations contained in this Paragraph.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## KEVIN SHIN'S COUNTERCLAIM

For its Counterclaim against Lee, pursuant to rule 13 of the Federal Rules of Civil Procedure, Kevin Shin states as follows:

### Jurisdiction and Venue

1. Jurisdiction of this Court is proper under 28 U.S.C. § 1376 as the claims herein for part of the same case and controversy as Brian Lee's claims in the underlying action.

2. Personal Jurisdiction exists over Lee, and venue is proper here, because Lee regularly conducts business in New York, including in this Judicial District, and because Lee filed suit in this Court.

### Factual Background

3. In or around August of 2019, shortly after Brian Lee began his employment with Superior Bio Science, Inc. ("SBS"), Lee approached Kevin Shin and requested that Shin loan him some money to cover various personal expenses.

4. Shin agreed to lend money to Lee on the condition that Lee would pay Shin the money back in a reasonable amount of time.

5. Lee agreed to pay Shin the money back in a reasonable amount of time.

Shin proceed to lend Lee a total of $11,000 in the following amounts over the following dates:

August/September of 2019--$1,000
1/16/20 --$2500

1/21/20 --$2000
2/11/20 --$2,500
2/13/20 --$1,000
2/28/20 --$2,000

6. Shin has since made demand for repayment of these funds.

7. Lee has refused to repay the loaned amount of $11,000.

## COUNT I
## BREACH OF CONTRACT

8. Shin repeats and realleges each and every allegation made in the above paragraphs of this Counterclaim as if fully rewritten herein.

9. Lee breached his agreement to repay the funds loaned by Shin.

10. Shin at all times fulfilled his obligations under the agreement—namely to lend Shin the money requested.

11. As a result of Lee's refusal to repay the money lent by Shin, Shin has been damaged in an amount to be determined at trial, but in any event no less than $11,000.

## COUNT II
## UNJUST ENRICHMENT

12. Shin repeats and realleges each and every allegation made in the above paragraphs of this Counterclaim as if fully rewritten herein.

13. Lee received $11,000 from Shin and agreed to repay said funds.

14. Lee has refused to repay said funds.

15. In light of all of the circumstances, it is against equity and good conscience to permit Lee to retains the funds at the expense of Shin.

16. Lee has been unjustly enriched by retaining the funds lent to him by Shin and not repaid, in an amount to be determined at trial, but in any event no less than $11,000.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Counterclaim Plaintiff respectfully requests the Court grant the relief as follows:

A. Judgment against Lee on the causes of action set forth above;

B. Damages in the amount to be determined at trial;

C. Pre-judgment interest pursuant to N.Y. C.P.L.R. §§5001, 5002, and 5004;

D. Costs of this action;

E. Post-judgment interest pursuant to N.Y. C.P.L.R. §§5003 and 5004; and

F. Such further and additional relief as the Court deems necessary and proper.

Dated:     Stamford, CT
           March 3, 2021

          Respectfully submitted by
          Defendants/Counterclaim Plaintiff,

          By its attorneys,

          By: __/s/ Nathan Zezula_____
          NATHAN C. ZEZULA
          750 EAST MAIN STREET
          6TH FLOOR
          Stamford, CT 06902
          (203) 408-6500 (tel.)
          (203) 724-4179 (fax.)
          *******************
          11 Broadway
          Suite 615
          New York, NY 10004
          *Its counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by cooperation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/Nathan Zezula*
Nathan C. Zezula