**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
                                      :

    **BRIAN LEE,**                            :
                                        :

                          Plaintiff,    :      20-cv-5937-ALC
                -against-                :

                                        :

    **GROVE GROUP ADVISORS LLC, ET**    :      __ORDER__
    **AL.,**                                 :
                                        :

                        Defendants.    :
                                        :
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 10/29/2021

**ANDREW L. CARTER, JR., United States District Judge**:

       The Court is in receipt of the Settlement Agreement and fairness letter filed by the Parties on May 27, 2021. ECF No. 36. The Court has reviewed the Settlement Agreement, as well as the accompanying fairness letter, as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Court declines to approve the settlement in its current form.

    **I.**   **Nondisparagement Clause**

       "[C]ourts in this District have repeatedly held that . . . a provision that prohibits Plaintiff's right to discuss the settlement is incompatible with the purposes of the FLSA, namely, to ensure that workers are aware of their rights." *Arango v. Scotts Co.*, No. 17-CV-7174 (KMK), 2019 WL 117466, at *6–7 (S.D.N.Y. Jan. 7, 2019) (collecting cases). Non-disparagement clauses can be objectionable for these reasons. *Weng v. T&W Rest., Inc.*, No. 15-CV-08167 (PAE) (BCM), 2016 U.S. Dist. LEXIS 83217, at *12 (S.D.N.Y. June 22, 2016). "While not every nondisparagement clause in a FLSA settlement is *per se* objectionable, a clause which bars a plaintiff from making negative statements about a defendant must include a carve-out for truthful statements about [a plaintiff's] experience in litigating [his] case." *Id.* (collecting cases) (citations

and internal quotations omitted). The nondisparagement clause in the Settlement Agreement does not appear to contain a carve-out for truthful statements.

## II. Professional Relationship

"Courts in this Circuit have consistently rejected FLSA settlements that seek to prevent plaintiffs from having a future employment relationship with the defendant as contrary to the underlying aims of the FLSA." *Brittle v. Metamorphosis, LLC*, No. 20 Civ. 3880 (ER), 2021 WL 606244, at *3 (S.D.N.Y. Jan. 22, 2021) (quoting *Zekanovic v. Augies Prime Cut of Westchester, Inc.*, No. 19-CV-8216 (KMK), 2020 WL 5894603, at *4 (S.D.N.Y. 2020)). Barring a plaintiff from reemployment "conflict[s] with the FLSA's primary remedial purpose." *Ortiz v. My Belly's Playlist LLC*, 283 F.Supp.3d 125, 126 (S.D.N.Y. 2017) (quoting *Cheeks*, 796 F.3d at 207). The professional relationship clause seeks to "permanently and irrevocably sever[]" Plaintiff's relationship with Defendant, and stipulates that "if he seeks employment with Defendants . . . a rejection by Defendants . . . will not constitute a violation of this Agreement or a violation of law in any manner whatsoever." ECF No. 36-1 at 5. This clause expressly seeks to prevent Plaintiff from having any future employment relationship with the Defendant.

## III. Fee Award

Though attorneys' fees that total less than or equal to 1/3 the settlement sum are normally approved by courts in this district, the district court must still independently ascertain the reasonableness of a fee award. *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 CIV. 6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015); *see also Hernandez v. Boucherie LLC*, No. 18 Civ. 7887 (VEC), 2019 WL 3765750, at *4 (S.D.N.Y. Aug. 8, 2019) (quoting *Lazo v. Kim's Nails at York Ave., Inc.*, 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019)). "Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court

must also assess the reasonableness of the fee award." *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). Reasonableness can only be determined after review of "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* The parties do not provide any documentation supporting the fee award for purposes of the Settlement Agreement so that the Court may assess reasonableness.

### IV. Mutual General Release

Judicial approval is typically precluded where, among other things, the Settlement Agreement contains an overbroad release that waives claims beyond wage-and-hour issues or that are otherwise outside the FLSA context. *See Cheeks*, 796 F.3d at 206; *see, e.g., Lopez v. Nights of Cabiria, LLC*, 96 F.Supp.3d 170, 181 (S.D.N.Y 2015). Although the release is mutual and was negotiated by experienced counsel on both sides, it is still overbroad because, as written, it would release the parties from claims outside the FLSA context.

Accordingly, the parties are hereby **ORDERED** to file a revised fairness letter and signed Settlement Agreement consistent with this Order or file a joint status report by **November 13, 2021**.

SO ORDERED.

Dated:   October 29, 2021
        New York, New York

_____
        ANDREW L. CARTER, JR.
        United States District Judge