UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Case No. 1:20-cv-05937-ALC
BRIAN LEE,

                              Plaintiff,

                - against -                               MEMORANDUM OF LAW
                                                                       IN SUPPORT OF PLAINTIFF'S
GROVE GROUP ADVISORS LLC,                         MOTION TO
GROVE GROUP MANAGEMENT, INC., and           **ENFORCE THE SETTLEMENT**
KEVIN SHIN, *Individually*,

                              Defendants.


------------------------------------------------------------------X

    I.      **The Court Should Order Specific Performance of the Settlement Agreement**

           A.      **This Court has the Inherent Power to Enforce a Settlement Agreement**

"A settlement agreement is a contract that is interpreted according to general principles of contract law." *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007). "A trial court has inherent power to enforce summarily a settlement agreement when the terms of the agreement are clear and unambiguous." *Omega Engineering, Inc. v. Omega, S.A.*, 432 F.3d 437, 444 (2d Cir. 2005). A settlement agreement is enforceable if there is "an offer, acceptance, consideration, mutual assent and intent to be bound." *Registercom, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir. 2004). For a contract to be enforceable, there must be mutual assent "on all essential terms," often referred to as a "meeting of the minds." *Opals on Ice Lingerie v. Bodylines Inc.*, 320 F.3d 362, 372 (2d Cir. 2003) (citing *Schurr v. Austin Galleries of Illinois, Inc.*, 719 F.2d 571, 576 (2d Cir. 1983)). Essential terms are "all the issues perceived to require negotiation." *Brown v. Cara*, 420 F.3d 148, 153 (2d Cir. 2005) (citing *Adjustrite Sys., Inc. v. GAB Bus. Servs., Inc.*, 145 F.3d 543, 548 (2d Cir. 1998)). Where, "a contract is unambiguous, the instrument alone is taken to

express the intent of the parties." *Klos v. Lotnicze*, 133 F.3d 164, 168 (2d Cir. 1997).

      **B.**      **The Parties Reached an Agreement on all Materials Terms**

In this case, the parties reached an agreement on all material terms. To this end, the parties agreed that Plaintiff would be paid a total amount of $14,990.00, with all funds due payable no later than January 11, 2021. (Declaration of Casey Wolnowski dated April 12, 2023 ("Decl."), at ¶¶8, 10; Exhibit ("Exh.") 1 annexed thereto.) In exchange, Plaintiff agreed to dismiss his lawsuit with prejudice. (Decl., Exh. 1, at ¶3.)

The settlement agreement became fully effective when it was executed by all parties on November 16, 2021, (Decl., Exh. 1), and upon the Court entering an order approving the settlement as adequate, fair and reasonable—which occurred on December 28, 2020. (Dkt. 41.) Further, the parties filed a Stipulation of Dismissal with prejudice as to this lawsuit, which was so ordered by the Court on December 28, 2021. (Dkt. 42.) To date, nobody has challenged whether the parties entered into a valid and enforceable settlement agreement. Further, it is submitted that payment of funds and dismissal of the action are both material terms of the agreement.

      **C.**      **Defendants are in Breach of the Settlement Agreement**

As outlined in the Declaration of Casey Wolnowski, Defendants have made no payments to date. (Decl., at ¶9.)

      **D.**      **Specific Performance is the Appropriate Remedy**

Where the federal court makes "the parties' obligation to comply with the terms of the settlement agreement ... part of the order of dismissal — either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order"—that court is a proper forum for litigating a breach of the

settlement agreement. *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 134 (2d Cir. 2011). A settlement agreement is essentially a contract, and state-law contract principles govern a federal court's enforcement of a settlement agreement. *See In re Bear Stearns Companies, Inc. Sec., Derivative, & Erisa Litig.*, No. 08 CIV. 2793, 2014 U.S. Dist. LEXIS 131315, at *5 (S.D.N.Y. Sept. 9, 2014); *See also Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir. 1985). In general, specific performance is appropriate when money damages would be inadequate to protect the expected interest of the injured party and when performance will not impose a disproportionate or inequitable burden on the breaching party. *See Cho v. 401-403 57th St. Realty Corp.*, 752 N.Y.S.2d 55 (N.Y. App. Div. 2002).

Here, the Court should order specific performance of the settlement agreement. Further, the Court should award interest at a rate of 9% per annum from the date the funds became due and owed. New York law provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract," NY CPLR § 5001(a), and that interest is to be computed "from the earliest date the cause of action existed," NY CPLR § 5001(b), at the rate of 9% per annum. NY CPLR § 5004. It is submitted that when utilizing a simple interest calculator, given a $14,990.00 principal and 9.00% per annum interest accruing for a period of two years and three months (i.e., January 11, 2021 to April 12, 2023), the total interest accrued comes to $3,350.79. (Decl., at ¶¶11-12.)

## II.     Conclusion

For the reasons stated above, Plaintiff respectfully requests that this Court issue an Order for specific performance of the settlement agreement by a date certain, awarding interest, as well as awarding any other relief to Plaintiff that this Court may deem just and proper.

4

Dated: New York, New York
      April 12, 2023

**NISAR LAW GROUP, P.C.**

By: _____
Casey Wolnowski, Esq.
*Attorneys for Plaintiff*
60 East 42nd Street, Suite 4600
New York, NY 10165
Ph: (646) 889-1007
Fax: (516) 604-0157
Email: cwolnowski@nisarlaw.com

4