**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

BRIAN LEE,                                       :
                                                 :
                              Plaintiff,         :
                                                 :          **1:20-cv-05937 (ALC)**
              -against-                          :
                                                 :          <u>**OPINION & ORDER**</u>
GROVE GROUP ADVISORS LLC, et al.,                :
                                                 :
                              Defendants.        :
                                                 :

-------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

      Plaintiff Brian Lee commenced this action against Defendants Grove Group Advisors

LLC ("GG Advisors"), Grove Group Management, Inc. ("GG Management"), and Kevin Shin

(collectively, "Defendants") on July 30, 2023, alleging violations of the Fair Labor Standards

Act, 29 U.S.C. § 201, et seq. ("FLSA") and the  New York State Labor Law, Articles 6 & 19

("NYLL"). ECF No. 1. Mr. Shin was the CEO of Grove Group Advisors LLC & Grove Group

Management, Inc. and Mr. Lee was an employee of both GG Advisors and GG Management. *Id.*

at ¶¶ 11–12. This case was referred to mediation, and on April 21, 2021, Plaintiff filed a status

report with the Court stating the parties had reached a settlement in principle with Defendants.

ECF No. 32. On May 27, 2021, the parties submitted an initial proposed Settlement Agreement,

as well as the accompanying fairness letter, as required by *Cheeks v. Freeport Pancake House,*

*Inc.*, 796 F.3d 199 (2d Cir. 2015), and its progeny. ECF No. 36. Plaintiff filed revised settlement

fairness materials on November 17, 2021. ECF No. 40. The proposed Settlement Agreement was

signed by Plaintiff, and Kevin Shin signed on behalf of Defendants. *Id.* On December 28, 2021,

this Court found the settlement agreement to be adequate, fair, and reasonable, and approved the

settlement agreement. ECF No. 41. The Court retained jurisdiction over the case in order to hear

a motion to enforce or otherwise apply the settlement in the case. *See, e.g., Anderson v. Beland*

(*In re Am. Express Fin. Advisors Sec. Litig.*), 672 F.3d 113, 134 (2d Cir. 2011). ECF No. 42.

Plaintiff now seeks enforcement the executed settlement agreement. ECF No. 52. This

Court has provided Defendants multiple opportunities to respond to the motion. On December 4,

2023, we issued an order to show cause as to why the motion should not be deemed unopposed.

ECF Nos. 55–56. Defendants did not file a response. The Court considers the motion unopposed.

After careful consideration, because the parties reached a binding and enforceable

agreement, Plaintiff's motion to enforce the settlement agreement is hereby **GRANTED**.

## BACKGROUND

The Court assumes the parties' familiarity with the facts of the case. Defendants were

represented by counsel during mediation and settlement negotiations. Pursuant to the executed

settlement agreement, Defendants agreed to pay the settlement funds totaling $14,990.00 in full

by January 11, 2021. ECF Nos. 40–41. To date, Defendants have not paid any of the settlement

funds. ECF No. 53 at ¶ 9. On February 2, 2023, this Court granted Defendants' counsel's request

to withdraw, and directed Plaintiff to move to enforce the settlement agreement. ECF No. 51. At

the time, the Court directed Defendants to file a notice of appearance for new counsel. *Id.*

On April 12, 2023, Plaintiff filed a motion to enforce settlement. ECF No. 52. On

December 1, 2023, Court requested Defendants to state whether they planned to proceed pro se,

and issued an order to show cause as to why the motion should not be deemed unopposed. ECF

No. 56. To date, Defendants have not made any filing on the docket since February 9, 2023,

despite being provided multiple opportunities to do so. The Court considers this motion fully briefed.

## STANDARD OF REVIEW

"A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974) (internal citations omitted). This is "especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings." *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 444 (2d Cir. 2005) (internal citations and quotation marks omitted).

A settlement agreement is a "contract that is interpreted according to general principles of contract law." *Id.* at 443. A "motion to enforce a settlement agreement is fundamentally a claim for breach of contract," *United States v. Prevezon Holdings, Ltd.*, 289 F. Supp. 3d 446, 450 (S.D.N.Y. 2018) (internal quotation marks omitted) (quoting *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015)). When a court determines that a settlement agreement was in fact reached, that agreement must be binding, and "it is an elementary principle of contract law that a party's subsequent change of heart will not unmake a bargain already made." *Omega*, 432 F.3d at 445.

Under New York law, an enforceable settlement agreement requires "an offer, acceptance, consideration, mutual assent and intent to be bound." *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir. 2004). The parties must be in agreement "on all essential terms," *Opals on Ice Lingerie v. Bodylines Inc.*, 320 F.3d 362, 372 (2d Cir. 2003) (citation omitted), which consists of "all the issues perceived to require negotiation," *Brown v. Cara*, 420 F.3d 148,

153 (2d Cir. 2005) (citation omitted). "Settlement agreements to end litigation are strongly favored by courts and are not lightly cast aside. Once reached by the parties, settlement agreements are binding and enforceable." *Palmer v. Cnty. of Nassau*, 977 F. Supp. 2d 161, 165–66 (E.D.N.Y. 2013) (citations omitted). "When an agreement is unambiguous on its face, it must be enforced according to the plain meaning of its terms." *Lockheed Martin Corp. v. Retail Holdings, N.V.*, 639 F.3d 63, 69 (2d Cir. 2011). This includes agreements written in an email, *Green v. N.Y.C. Transit Auth.*, No. 15-CV-08204 (ALC) (SN), 2022 WL 2819738, at *2 (S.D.N.Y. May 10, 2022), *report & recommendation adopted*, No. 15-CV-08204 (ALC) (SN), 2022 WL 2819578 (S.D.N.Y. July 19, 2022) (quoting *Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC*, No. 04-CV-1621 (KMW) (AJP), 2005 WL 1377853, *5-10 (S.D.N.Y. June 9, 2005)); *see also Elliot v. City of N.Y.*, No. 11-CV-7291 (RWS), 2012 WL 3854892, at *2 (S.D.N.Y. Sept. 5, 2012) (finding an executed term sheet and email from defense counsel confirming agreement was sufficient to create a binding agreement). "The intention of the parties on this issue is a question of fact, to be determined by examination of the totality of the circumstances." *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 322 (2d 1997). A plaintiff bringing a breach of contract claim bears the burden of proving the existence of a contract by a preponderance of the evidence. *Pisani v. Westchester Cty. Health Care Corp.*, 424 F.Supp.2d 710, 719 (S.D.N.Y. 2006).

"'[O]nce reached, a settlement agreement constitutes a contract that is binding and conclusive and the parties are bound to the terms of the contract even if a party has a change of heart between the time of the agreement to the terms of the settlement and the time it is reduced to writing.'" *Murphy v. Inst. of Int'l Educ.*, No. 19-CIV-1528 (ALC) (RWL), 2020 WL 6561603,

at *4 (S.D.N.Y. July 27, 2020), *report & recommendation adopted*, No. 19-CV-1528 (ALC),

2020 WL 5658628 (S.D.N.Y. Sept. 23, 2020), *aff'd*, 32 F.4th 146 (2d Cir. 2022) (quoting *Elliot*,

2012 WL 3854892, at *2 (citation omitted).

"Whether a district court should apply federal or state law in order to decide a motion to

enforce a settlement has not yet been resolved by . . . the Second Circuit." *Green*, 2022 WL

2819738, at *2 (quoting *Powell v. Omnicom*, 497 F.3d 124, 129 n.1 (2d Cir. 2007)) (quotation

marks omitted). The Second Circuit has noted that "there is 'no material difference' between

New York law and federal common law on this issue" *Id.* (quoting *Ciaramella*, 131 at 322); *see

also Figueroa v. N.Y.C. Dep't of Sanitation*, 475 F. App'x 365, 366 (2d Cir. 2012) (same).

"[A] court may vacate a stipulation of settlement only upon a showing of good cause,

such as fraud, collusion, mistake, duress, lack of capacity, or where the agreement is

unconscionable, contrary to public policy, or so ambiguous that it indicates by its terms that the

parties did not reach agreement." *Rispler v. Spitz*, 377 F. App'x 111, 112 (2d Cir. 2010). "In New

York, a contract is voidable on the ground of duress when it is established that the party making

the claim was forced to agree to it by means of a wrongful threat precluding the exercise of his

free will." *Doe v. Kogut*, 759 F. App'x 77, 81 (2d Cir. 2019) (citations and quotations omitted).

## DISCUSSION

### I.    Enforceability of the Settlement Agreement

Here, there is a written agreement drafted and executed by the Parties, and approved by

the Court. ECF No. 40-1. Defendant Shin acting in his capacity as CEO of the GG entities signed

the agreement. *Id.* Defendants did not file a response to Plaintiff's motion to enforce the

Settlement Agreement. Nor did Defendants contest that they signed the Settlement Agreement,

nor have Defendants claimed that they executed the Agreement as a result of fraud, mistake, or duress. *Rispler*, 377 F. App'x at 112.

In considering the totality of circumstances, Plaintiff has established that the signed settlement agreement is enforceable.

## CONCLUSION

For the reasons set forth by the Court, Plaintiff's motion to enforce the settlement agreement, ECF No. 52, is hereby **GRANTED**. Plaintiff next requests the Court award interest at a rate of 9% per annum from the date the funds became due (January 11, 2021) and owed (the filing of the motion to enforce settlement on April 12, 2023). ECF No. 43 at 3. Under NY CPLR § 5001(a), "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract," and interest is to be computed "from the earliest ascertainable date the cause of action existed," NY CPLR § 5001(b), at the rate of 9% per annum. NY CPLR § 5004. The Court calculates the total interest accrued on the principal $14,990.00 from January 11, 2021 to April 12, 2023 at the rate of 9% per annum to be $3,034.55.

In accordance with this Order, it is hereby ORDERED and ADJUDGED that Plaintiff Brian Lee recover from Defendants Grove Group Advisors LLC, Grove Group Management, Inc. and Kevin Shin, individually, jointly and severally, the amount of $14,990.00 plus interest in the amount of $3,034.55, for a total of $18,024.55. The Clerk of the Court is respectfully directed to close the open motion at ECF No. 52.

**SO ORDERED.**

**Dated: February 29, 2024**
       **New York, New York**
                                            **ANDREW L. CARTER, JR.**
                                            **United States District Judge**